WATERS v SACKS

MANDAMUS—CIVIL SERVICE COMMISSIONS—EMPLOYMENT DISPUTES—
REINSTATEMENT ORDERS.

Mandamus was proper to enforce an order of the Flint Civil
Service Commission that the plaintiff be reinstated to his
former position after its finding that the plaintiff was dis-
charged without cause, where the defendants did not appeal
the order and failed to reinstate the plaintiff claiming the
position had been abolished.

Appeal from Genesee, John W. Baker, J. Sub-
mitted Division 2 April 10, 1974, at Lansing.
(Docket No. 17486.) Decided May 30, 1974.

Complaint by Victor P. Waters against Milton
Sacks and the Board of Hospital Managers for the
City of Flint for mandamus to enforce an order of
the Flint Civil Service Commission reinstating him
in his job. Writ granted. Defendants appeal. Af-
firmed.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for
plaintiff.

*Milliken & Magee,* for defendant Milton Sacks.

*Wade D. Withey,* for defendant Board of Hospi-
tal Managers for the City of Flint.

Before: McGREGOR, P. J., and R. B. BURNS and
O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Civil Service §§ 46, 49.

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. BURNS, J. Plaintiff brought an action for a writ of mandamus against the defendants to enforce an order of the Flint Civil Service Commission reinstating plaintiff in his job as Food Service Manager for the Board of Hospital Managers.

The trial judge granted the writ. We affirm.

Plaintiff was Food Service Manager for Hurley Hospital in Flint. The position was subject to civil service regulations.

Plaintiff was discharged and appealed to the Civil Service Commission. After holding a hearing the commission made the following findings of fact and arrived at the following decision:

"On November 15, 1971 at 3:20 p.m. Norman E. Looney, Assistant Hospital Director, served Victor Paul Waters a Civil Service form CS-11, signed by Hurley Hospital Director Milton Sacks, which states, among other things 'This layoff notice is submitted because the position of Food Service Manager has been abolished.'

"On December 22, 1971 the Board of Hospital Managers abolished the position of Food Service Manager and Assistant Food Service Manager effective November 14, 1971.

"Following November 24, 1971, duties formerly performed by Mr. Waters were divided between two other employees without a change of content or line of supervision being made in the civil service classification specifications in which the two employees were employed, nor in other classes in the food service series.

"On August 9, 1971, Mr. Sacks inspected certain areas under Mr. Waters' control, found them unsatisfactory, and for the first time found Mr. Waters' work to be unsatisfactory.

"DECISION

"The Civil Service Commission finds that Mr. Sacks formulated the intent to discharge Mr. Waters following the inspection on August 9, 1971, and thereafter

formulated the intent to abolish the job of Food Service Manager and Assistant Food Service Manager in an effort to circumvent civil service.

"We therefore find that Victor Paul Waters was discharged without cause and order that he be reinstated with back pay." (Civil Service order of February 8, 1972, appended to the plaintiff's complaint.)

The defendants did not appeal this decision. However, defendants did not reinstate the plaintiff and he applied to the circuit court for a writ of mandamus, which was granted.

Defendants claim the Flint Civil Service Commission lacked jurisdiction to reinstate the plaintiff to a position that had been abolished.

The Flint Civil Service Rules and Regulations grant the commission jurisdiction over layoffs and position abolition.

"RULE 21—LAYOFF Section 245. * * * When an employee's position is abolished he shall be given employment in the next lower position in the department and juniors in the department be demoted accordingly, provided however, that if any employee, through economy reasons, shall be forced from the active service of the City, he shall be given an indefinite leave of absence without compensation and he shall be recalled to active service when the first opening occurs in the department according to his seniority at the time when the vacancy existed."

"RULE 21.4—APPEAL FROM LAYOFF. All employees laid off under this rule and considering themselves aggrieved, may appeal to the Civil Service Commission for reinstatement or for determination of their seniority."

Rule 21.4 granted the commission jurisdiction to hear the parties' dispute.

The trial court is affirmed. Costs to plaintiff.

All concurred.